# EXHIBIT 33



IN THE UNITED STATES DISTRICT C
FOR THE NORTHERN DISTRICT OF
FORT WORTH DIVISION

FILED

JUN 30 1995

U.S. DISTRICT COURT
NORTHERN DISTRICT OF TEXAS

NANCY DOHERTY, CLERK

By_____
Deputy

UNITED STATES OF AMERICA § 
§
§
VS. § CRIMINAL NO. 4:94-CR-121-Y
§
ORLANDO CORDIA HALL (2) §

MOTION NO. ___

## MOTION TO DISMISS THE GOVERNMENT'S REQUEST FOR THE DEATH PENALTY BECAUSE OF RACIAL DISCRIMINATION IN CAPITAL CHARGING BY THE GOVERNMENT AND REQUEST FOR DISCOVERY OF INFORMATION PERTAINING TO THE GOVERNMENT'S CAPITAL CHARGING FOR PURPOSES OF AN EVIDENTIARY HEARING

TO THE HONORABLE TERRY R. MEANS, UNITED STATES DISTRICT COURT JUDGE:

COMES NOW, ORLANDO CORDIA HALL, Defendant in the above-styled and numbered cause, by and through Jeff Kearney and Michael Logan Ware, his attorneys of record in this cause, and moves this Court as follows:

I.

1. For an Order dismissing the prosecution's request for the death penalty because the prosecution has engaged in a systematic pattern of racial discrimination in requesting the death penalty pursuant to federal death penalty statutes, in violation of the Fifth and Eighth Amendments to the United States Constitution, and contrary to the requirements of such statutes.

2. For an evidentiary hearing, at which Defendant will demonstrate the pattern of discrimination described in paragraph (1), above.

3. For a discovery Order requiring the prosecution to provide Defendant with

187

information pertaining to the prosecution's capital charging practices under the federal death penalty statutes, in order to permit Defendant to prove the systematic pattern of discrimination referred to in paragraph (1), above, and, if necessary, in order to permit Defendant to prepare for his defense at trial and to enable him to present evidence and argument to the jury that he should not be sentenced to death because such a sentence would tend to propagate such racially discriminatory application of the federal death penalty.

4.      Specifically, Defendant moves the Court to order the prosecution to produce the following information and documents, for inspection and copying:

a.      A listing of all cases throughout the United States, since the re-enactment of federal death penalty statutes, known to the Justice Department or to the FBI, in which one or more defendants was arrested and charged by federal law enforcement authorities, and in which the facts would have rendered the offenders eligible for the federal death penalty;

b.      Copies of all requests and supporting documentation submitted by United States Attorneys or their staffs seeking authorization from the Attorney General to seek imposition of the death penalty for any such cases;

c.      Captions and case numbers of all cases in which requests for the death penalty were made and: (1) approved (2) disapproved, or (3) neither formally approved nor disapproved, with all correspondence, internal memoranda and documents of whatever nature relating to such action;

d.      All internal Justice Department standards, policies, practices, protocols, or criteria governing or affecting the approval or disapproval of death penalty prosecutions;

e.      All standards, policies, practices, protocols, or criteria employed by the Department of Justice to guard against the influence of racial, political or other arbitrary or invidious factors in the selection of cases and defendants for capital prosecution; and

f.      Any correspondence from the Department of Justice to United States Attorneys and their staff since the re-enactment of any federal death penalty statute, regarding federal death penalty policies, procedures, and selection criteria, or requesting identification of cases for capital prosecution under federal law.

5. For an evidentiary hearing, at the time to be set by the Court, at which the Defendant will demonstrate that he is entitled to the discovery requested in paragraph (3) above.

## II.

Such requests extend not only to the memoranda, records and materials generated in reference to this case, but also to every potential federal death penalty prosecution. The necessity of such information derives from the fact, that since the re-enactment of the federal death penalty initially in 1988 for certain drug offenses, and in 1994 generally, the overwhelming majority of individuals for whom death penalty approval has been sought and issued from the Department of Justice, have been African-American. At an evidentiary hearing, Defendant would demonstrate that the percentage of African-Americans among those individuals where death penalty approval has been granted is approximately 70% of all approvals. Such figure is far in excess of the proportion of African-Americans within the population as a whole, or among defendants charged with federal offenses generally.

## III.

Defendant is aware that a racially disproportionate pattern of capital charging - standing alone - is insufficient to demonstrate purposeful discrimination on a racial basis, such as to be violative of "equal protection," "due process," and "cruel and unusual punishment" constitutional safeguards. See: *McCleskey v. Kemp*, 482 U.S.920 (1987). For such reason, Defendant will seek to demonstrate through the requested materials and evidentiary hearing, that despite knowledge of the racial imbalance in its capital charging decisions, the Department of Justice has persisted in a system of policies in capital charging decisions, which perpetuate this imbalance, thereby establishing purposeful discrimination. The Defendant respectfully

asserts that the failure of the Government to take "affirmative action" to overcome this racial imbalance, despite knowledge of its existence in DOJ charging decisions, is tantamount to purposeful discrimination.

At the requested hearing, Defendant anticipates that he will demonstrate that his Counsel requested that the Department of Justice consider this racial disproportionately as a factor militating against authorization of the death penalty in this case, but that due to the purported "race neutrality" required by the DOJ policies in capital charging decisions, the Government failed to consider this factor, to his detriment, in the capital charging decision in this case.

Whether the federal capital punishment system is racially discriminatory inherently by design, or the result of overt racism in the charging decisions made by the Government, is essentially irrelevant, due to the fact that the failure of the Government to "affirmatively act" to overcome such racially discriminatory application of the federal death penalty, particularly in this case, amounts to purposeful discrimination.

4

Respectfully submitted,


_____
MICHAEL LOGAN WARE
State Bar Number: 20864200
LAW OFFICES OF
MICHAEL LOGAN WARE
The Bryce Building
909 Throckmorton Street
Fort Worth, Texas 76102
Telephone: (817) 338-4100
Telecopier: (817) 338-1020



JEFF KEARNEY
State Bar Number: 11139500
JEFF KEARNEY & ASSOCIATES
Sundance Square
120 West Third Street, Suite 300
Fort Worth, Texas 76102
(817) 336-5600
(817) 336-5610 (fax)

ATTORNEYS FOR ORLANDO CORDIA HALL


CERTIFICATE OF SERVICE

   I hereby certify that a true and correct copy of the above and foregoing instrument was delivered to Mr. Richard Roper, Assistant U.S. Attorney and all other counsel, on this the 30 day of _____June_____, 1995.


_____
MICHAEL LOGAN WARE


**5**

## CERTIFICATE OF CONFERENCE

I, hereby certify that I have discussed the above and foregoing Motion with Asst. United States Attorney, Mr. Richard Roper he (opposes) (does not oppose) (takes no position) (I was unable to make contact in this regard) such Motion, on this the _30_ day of ____June____, 1995.

_____
MICHAEL LOGAN WARE