# EXHIBIT 34

ORIGINAL

IN THE UNITED STATES DISTRICT COURT

FOR THE NORTHERN DISTRICT OF TEXAS

FORT WORTH DIVISION

| | | |
|---|---|---|
| UNITED STATES OF AMERICA | * | |
| | * | |
| vs. | * | NO. 4-94 CR 121-Y |
| | * | |
| ORLANDO CORDIA HALL   (2) | * | |

**GOVERNMENT'S RESPONSE TO DEFENDANT ORLANDO CORDIA HALL'S MOTION TO DISMISS THE GOVERNMENT'S REQUEST FOR THE DEATH PENALTY BECAUSE OF RACIAL DISCRIMINATION IN CAPITAL CHARGING BY THE GOVERNMENT AND REQUEST FOR DISCOVERY OF INFORMATION PERTAINING TO THE GOVERNMENT'S CAPITAL CHARGING FOR PURPOSES OF AN EVIDENTIARY HEARING**

COMES NOW, the United States, by and through the United States Attorney for the Northern District of Texas, and files this response to the motion filed by the defendant, ORLANDO CORDIA HALL (Hall), entitled "Government's Response to Defendant Orlando Cordia Hall's Motion to Dismiss the Government's Request for the Death Penalty because of Racial Discrimination in Capital Charging by the Government and Request for Discovery of Information Pertaining to the Government's Capital Charging for Purposes of an Evidentiary Hearing," and would show the Court as follows:

I.    **BACKGROUND**

On November 22, 1995, Hall and four others were charged in a six-count superseding indictment. Hall is charged in four counts with kidnapping resulting in murder, 18 U.S.C. § 1201(a)(count one); conspiracy to commit kidnapping, 18 U.S.C. § 1201(c)(count two);

Government's Response - Page 1

interstate travel in aid of a racketeering enterprise, 18 U.S.C. § 1952(count five); and carrying a firearm during, and in relation to, a crime of violence, 18 U.S.C. § 924(c)(1)(count six). The instant motion was filed on June 30, 1995.

II.   **ISSUES**

Hall's motion raises essentially two issues, restated as follows:

1.   Has Hall established that the Court should dismiss the government's notice of its intent to seek the death penalty based on Hall's claim that "the prosecution has engaged in a systematic pattern of racial discrimination in requesting the death penalty pursuant to federal death penalty statute in violation of the Fifth and Eight Amendments to the United States Constitution . . . ." (Hall's Motion at 1);  and

2.   Has Hall established that the Court should order the government to produce documents concerning the charging decisions and practices of the United States Department of Justice regarding the death penalty in this and other cases.

III.   **ARGUMENT AND AUTHORITIES**

The government opposes the request for dismissal of the notice, the request for production of information, and the request for an evidentiary hearing. All of these requests rely upon Hall's unsubstantiated and conclusory assertion of a systematic prosecutorial pattern of racial discrimination and upon his allegation that African-Americans account for approximately 70 percent of whose individuals for whom the death penalty has been sought upon approval of the Department of Justice. (Hall's Motion at 3).

Government's Response - Page 2

a.    **Defendant Hall has Failed to Show that the Government has Engaged in Selective Prosecution with Respect to the Death Penalty**

Generally, the decision to prosecute one person instead of another is a proper exercise of executive discretion. United States v. Hoover, 727 F.2d 387, 389 (5th Cir. 1984). The government submits that the decision to seek the death penalty in a particular case is analogous to the government's decision to prosecute a particular person and the same test should therefore apply.

To establish that the government has engaged in unconstitutional selective prosecution, a defendant must satisfy two element. First, a defendant must make a prima facie showing that he has been singled out for prosecution while others similarly situated and committing the same acts have not. United States v. Sparks, 2 F.3d 574, 580 (5th Cir. 1993), cert. denied, 114 S. Ct. 720 (1994); United States v. Hoover, 727 F.2d at 389. Second, a defendant must also show that the government's discriminatory selection of him for prosecution has been invidious or in bad faith, in that, it rests upon such impermissible considerations as race, religion, or the desire to prevent his exercise of his constitutional rights. United States v. Sparks, 2 F.3d at 580; United States v. Hoover, 727 F.2d at 389. As the court of appeals has stated:

> A showing of discriminatory purpose requires the defendant to demonstrate that the government selected or reaffirmed a particular course of action at least in part "because of"--not merely "in spite of"--its adverse effects on an identifiable group.

United States v. Collins, 972 F.2d 1385, 1397 (5th Cir.), cert. denied, 113 S. Ct. 1812

(1992).[1]

A defendant is not automatically entitled to an evidentiary hearing to make the required showing. He must first present facts sufficient to create a reasonable doubt about the selectivity of his prosecution. United States v. Jennings, 724 F.2d 436, 445-446 (5th Cir.), cert. denied, 467 U.S. 1227 (1984)[Bare general allegations concerning the selective prosecution of racial group were insufficient to justify an evidentiary hearing]. See also United States v. Ramirez, 765 F.2d 438, 440 (5th Cir. 1985), cert. denied, 474 U.S. 1063 (1986)[Court held that "conclusional allegations of impermissible motive are not sufficient" to demonstrate the government acted in bad faith].

**b. Defendant Hall has Failed to Demonstrate Either Prong**

Defendant Hall has not shown that he has been singled out for prosecution while others similarly situated and committing the same acts have not. In fact, no one has actually been prosecuted under the newly enacted Federal Death Penalty Act. Moreover, the number of federal prosecutions, including the drug-related death penalty cases, is so small as to make any such argument speculative.

As acknowledged by defendant Hall (Hall's Motion at 3), statistical evidence of racial disparity is insufficient, per se, to support an inference of any "unacceptable risk" of racial

---

[1] If this Court determines that Hall has failed to meet this prima facie showing, then the Court need not reach nor determine the second element. United States v. Tibbetts, 646 F.2d 193, 195 (5th Cir. 1981). A defendant bears a very heavy burden in demonstrating invidious purpose which invades or overrides prosecutorial discretion. United States v. Hoover, 727 F.2d at 389.

Government's Response - Page 4

discrimination in the administration of capital punishment. McCleskey v. Kemp, 481 U.S. 279, 292-297, 309 (1987). Hall has demonstrated far less than the extensive study of 2,000 cases offered in McCleskey and is precisely the sort of submission the Supreme Court has rejected as legally insufficient to support such an inference. McCleskey v. Kemp, 481 U.S. at 306-07, 312-13 (and cases cited therein).

In the absence of legally sufficient evidence that supports an inference to the contrary, the prosecution in this case should be presumed to have been undertaken in good faith. United States v. Hoover, 727 F.2d at 389. See also United States v. Eklund, 733 F.2d 1287, 1290-91 (8th Cir. 1984), cert. denied, 471 U.S. 1003 (1985)["Without such a showing the criminal prosecution is presumed to have been undertaken in good faith and in a nondiscriminatory manner pursuant to a duty to bring violators to justice."]. This presumption is consistent with the wide discretion generally afforded to prosecutors in deciding whether and whom to prosecute, what charges to file, and what penalties to seek. See United States v. Batchelder, 442 U.S. 114, 124 (1979). In McCleskey v. Kemp, in which the Supreme Court noted that:

> The Constitution is not offended by inconsistency in results based on the objective circumstances of the crime. Numerous legitimate factors may influence the outcome . . . . If sufficient evidence to link a suspect to a crime cannot be found, he will not be charged. The capability of the responsible law enforcement agency can vary widely. Also, the strength of the available evidence . . . may influence a prosecutor's decision to offer a plea bargain or go to trial. Witness availability, credibility, and memory also influence the results . . . . The foregoing factors necessarily exist in varying degrees throughout our criminal justice system.

McCleskey v. Kemp, 481 U.S. at 307 n.28.

A non-discriminatory explanation for seeking the death penalty against Hall is evident

Government's Response - Page 5

on the facts of this case. It is justified by the nature of the objective circumstances of the crime and the sufficiency of the available evidence to prove the required elements under the law. These are precisely the considerations which the Supreme Court identified as the proper and legitimate grounds for such a decision. McCleskey v. Kemp, 481 U.S. at 307 n.28. The Court in McCleskey stated:

> [T]he policy considerations behind a prosecutor's traditionally "wide discretion" suggest the impropriety of requiring prosecutors to defend their decisions to seek death penalties . . . . Moreover, . . . a legitimate and unchallenged explanation for the decision is apparent from the record: [the defendant] committed an act for which the . . . Constitution and . . . laws permit imposition of the death penalty.

McCleskey v. Kemp, 481 U.S. at 296-97 (footnotes and citations omitted). Here, as in McCleskey, a legitimate explanation is apparent from the record. The evidence, at trial, will show that Hall committed illegal acts for which the death penalty is legally permissible as punishment. In the absence of a legally sufficient threshold showing by Hall that supports an inference of racial discrimination under the guidelines of McCleskey, the reliability of the decision to seek the death penalty in this case simply is not called into question.

### c. Hall's Request for Discovery and for a Hearing Should be Denied

Hall requests access to certain internal documents of the government which Hall suggests might support his claim of racial discrimination. He likewise requests an evidentiary hearing to litigate his motion. The government submits that this discovery attempt and his request for a hearing should be denied.

As to the discovery request, the court should keep in mind that there is no general

Government's Response - Page 6

constitutional right to discovery in a criminal case. <u>Weatherford v. Bursey</u>, 429 U.S. 545, 559 (1977). Any right to discovery must therefore rest on statutory requirements. As the Court well knows discovery in criminal cases is governed by Fed. R. Crim. P. 16. Here, the government relies on Fed. R. Crim. P. 16(a)(2) which specifically states that:

> (2) Information Not Subject to Disclosure. -- Except as provided in paragraphs (A), (B), and (D) of subdivision (a)(1), this rule does not authorize the discovery or inspection of reports, memoranda, or other internal government documents made by the attorney for the government or other government agents in connection with the investigation or prosecution of the case, or of statements made by government witnesses or prospective government witnesses except as provided in 18 U.S.C. § 3500.

Fed. R. Crim. P. 16(a)(2). Pursuant to this rule, the discovery or inspection of reports, memoranda, or other internal government documents made by the attorney for the government or other government agents in connection with the investigation or prosecution of this case or other case does not fall within the ambit of the discovery rules. <u>See</u> <u>United States v. Mitchell</u>, 778 F.2d 1271, 1276-77 (7th Cir. 1985); <u>United States v. Nixon</u>, 777 F.2d 958, 968-69 (5th Cir. 1985); and <u>United States v. Ollison</u>, 1995 WL 12300 (N.D. Ill. January 10, 1995). <u>See also</u> <u>United States v. Pou</u>, 953 F.2d 363, 365-67 (8th Cir.), <u>cert. denied</u>, 112 S.Ct. 1982 (1992)[The government need not make her files available for an open-ended "fishing expedition" for possible exculpatory or mitigating evidence].

The government submits that Hall's request falls clearly within the protection of Fed. R. Crim. P. 16(a)(2). As such, Hall's request should denied.

Moreover, the courts have refused discovery in situations where allegations of selective prosecution allegations are made. Discovery has been not allowed unless he can present evidence that supports a "colorable entitlement" to the claimed defense of selective

Government's Response - Page 7

prosecution. See e.g., United States v. Irish People, Inc., 684 F.2d 928, 948 (D.C. Cir. 1982). Here, Hall conclusory assertions do not establish such an entitlement. Hall request for discovery should be denied.[2]

Finally, turning to the matter of an evidentiary hearing, Hall has not established that he is entitled to an evidentiary hearing to litigate his instant claim. A defendant is not automatically entitled to an evidentiary hearing to make the required showing. A defendant cannot obtain a hearing where allegations of selective prosecution allegations are made, unless the defendant can establish a prima facie case. United States v. Jennings, 724 F.2d 436, 445-446 (5th Cir.), cert. denied, 467 U.S. 1227 (1984). Hall's meager offering is far from establishing such a case. See United States v. Jennings, 724 F.2d 436, 445-446 (5th Cir.), cert. denied, 467 U.S. 1227 (1984)[Bare general allegations concerning the selective prosecution of racial group were insufficient to justify an evidentiary hearing] and United States v. Ramirez, 765 F.2d 438, 440 (5th Cir. 1985), cert. denied, 474 U.S. 1063 (1986)[Court held that "conclusional allegations of impermissible motive are not sufficient" to demonstrate the government acted in bad faith]. Hall is therefore not entitled to an evidentiary hearing.

All in all, the government submits that Hall's proffer is insufficient as a matter of law

---

[2]   The material sought by Hall is also protected from disclosure under both the deliberative process privilege and the attorney work product privilege. See, e.g., Skelton v. United States Postal Service, 678 F.2d 35, 38 (5th Cir. 1982)[The common-law deliberative process privilege protects pre-decisional and deliberative government documents from disclosure] and May v. Department of Air Force, 777 F.2d 1012, 1014 (5th Cir. 1985); United States v. Nobles, 422 U.S. 225, 236-39 (1975)[The Court held that the attorney work product privilege applies in criminal cases and extends to agents of the attorneys involved in such cases].

Government's Response - Page 8

to meet the legal requirements to compel production of documents. In addition, the information he seeks is not available via the discovery process. Finally, his request for an evidentiary hearing falls short of the requirements necessary for the court to grant a hearing. Consequently, the motion should be denied.

## IV. CONCLUSION

The government, therefore, prays that the Court will deny Hall's motion to dismiss the government's notice to seek the death penalty and that the Court will deny Hall's request for discovery.

Respectfully submitted,

PAUL E. COGGINS
United States Attorney

RICHARD B. ROPER
Assistant United States Attorney
801 Cherry Street, Suite 1700
Fort Worth, Texas 76102-3674
817-334-3291
SBOT # 17233700

Government's Response - Page 9

## CERTIFICATE OF SERVICE

I certify that on this the 20th day of September, 1995, a true and correct copy of the Government's Motion was served by United States First class mail on the attorneys for the defendants.

Richard B. Roper
Assistant United States Attorney