**IN THE UNITED STATES DISTRICT COURT**
**FOR THE SOUTHERN DISTRICT OF INDIANA**
**TERRE HAUTE DIVISION**

ORLANDO CORDIA HALL,

                    *Petitioner*,

        v.

T.J. WATSON, in his official
capacity as Complex Warden of U.S.P,
Federal Correctional Complex (FCC) Terre
Haute,

                    *Respondent*.

**No. 2:20-cv-599-JPH-DLP**

**DEATH PENALTY CASE**

**EXECUTION DATE:**
**November 19, 2020**

**PETITIONER'S MOTION TO STAY EXECUTION  PENDING APPEAL AND FOR**
**STAY PENDING DISPOSITION**
**OF STAY MOTION BY THE SEVENTH CIRCUIT**

Plaintiff Orlando Cordia Hall ("Mr. Hall") is scheduled for execution on November 19, 2020.  Pursuant to Rule 62(d) of the Federal Rules of Civil Procedure and Rule 8(a)(1) of the Federal Rules of Appellate Procedure, Mr. Hall respectfully moves the Court for (1) a stay of execution pending final resolution of Plaintiffs' application to the U.S. Court of Appeals for the Seventh  Circuit for a stay of execution pending appeal, and (2) a stay of execution pending resolution of his appeal of this Court's Order denying his motion for stay of execution, ECF No. 18.  In view of the fact that Mr. Hall's execution is scheduled for 6:00 p.m. ET on November 19 and the need to seek relief before the Seventh Circuit, Plaintiff respectfully requests that this Court rule on this motion by 1:00 p.m. tomorrow, November 18.

Plaintiff recognizes that this Court has determined that he does not meet the standard for issuance of a preliminary injunction, which is the same standard that applies to this motion.

1

Federal Rule of Appellate Procedure 8(a)(1), however, requires Plaintiff to first move in this Court for a stay before seeking one from the Court of Appeals. In addition, Plaintiff respectfully submit that the equities favor entering these stays; failure to grant such a stay will virtually ensure Mr. Hall suffers irreparable harm—death—without access to process and other rights afforded to him under the U.S. Constitution and federal law.

## **ARGUMENT**

"It is well-settled that a court retains the power to grant injunctive relief to a party to preserve the status quo during the pendency of an appeal[.]" *Hawaii Hous. Auth. v. Midkiff*, 463 U.S. 1323, 1324 (1983). A motion for stay of execution requires consideration of the following factors: "(1) whether the stay applicant has made a strong showing that he is likely to succeed on the merits; (2) whether the applicant will be irreparably injured absent a stay; (3) whether issuance of the stay will substantially injure the other parties interested in the proceeding; and (4) where the public interest lies." *Purkey v. United States*, 964 F.3d 603, 618 (7th Cir. 2020) (quoting *Nken v. Holder*, 556 U.S. 418, 434 (2009)), *reconsideration denied*, 812 F. App'x 380 (7th Cir. 2020), *cert. denied*, __ S. Ct. __, 2020 WL 4006838 (U.S. July 16, 2020). Before seeking equitable relief in the appellate court pending an appeal, a party must ordinarily move the district court for the same relief first. *See* Fed. R. App. P. 8(a)(1)(C).

Mr. Hall is likely to succeed on the merits of his appeal requesting that the Seventh Circuit enter a stay of execution pending timely resolution of his expedited appeal of this Court's Order denying his motion for a preliminary injunction, for substantially the same reasons raised in his Memorandum of Law in Support of Motion for a Stay of Execution. ECF No. 3-1.

Despite the fact that the Court has denied Mr. Hall's petition at this stage, a stay is appropriate since, if this Court's "reading of the safety valve is too restrictive, there would be

significant issues to litigate." *Purkey*, 964 F.3d at 618.  Mr. Hall "faces categorically irreparable injury—death." *Id*.  "Just because the death penalty is involved is no reason to take shortcuts—indeed, it is a reason not to do so." *Id*.

## **CONCLUSION**

For the foregoing reasons, Mr. Hall respectfully requests that this Court grant a brief stay of execution to permit Mr. Hall to pursue an appeal of this Court's denial of his § 2241 petition.

Dated:  November 17, 2020                              Respectfully submitted,

By:    */s/  Kaitlyn A. Golden*
Kathryn M. Ali (*pro hac vice* pending)
Kaitlyn A. Golden (*pro hac vice* pending)
HOGAN LOVELLS US LLP
555 Thirteenth Street, N.W.
Washington, D.C. 20004
Telephone: (202) 637-5600
Facsimile: (202) 637-5910
kathryn.ali@hoganlovells.com
kaitlyn.golden@hoganlovells.com
david.victorson@hoganlovells.com

Pieter Van Tol (*pro hac vice* pending)
HOGAN LOVELLS US LLP
390 Madison Avenue
New York, NY 10017
(212) 918-3000
(212) 918-3100 (fax)
pieter.vantol@hoganlovells.com

*Counsel for Petitioner Orlando Hall*