# United States Court of Appeals

**For the Seventh Circuit**
**Chicago, Illinois 60604**

Submitted November 18, 2020
Decided November 19, 2020

**Before**

DIANE S. SYKES, *Chief Judge*

DAVID F. HAMILTON, *Circuit Judge*

AMY J. ST. EVE, *Circuit Judge*

| | |
|---|---|
| No. 20-3229 | Appeal from the United States District Court for the |
| ORLANDO CORDIA HALL, | Southern District of Indiana, |
| *Petitioner-Appellant,* | Terre Haute Division. |
| *v.* | No. 2:20-cv-00599-JPH-DLP |
| T. J. WATSON, Warden, | James P. Hanlon, |
| *Respondent-Appellee.* | *Judge.* |

**O R D E R**

Orlando Hall's case is again before us, this time on appeal from the district court's order denying his most recent motion for a stay of execution to permit him to pursue a second petition for habeas relief under 28 U.S.C. § 2241. The new § 2241 petition was filed just seven days before his scheduled execution.

We assume familiarity with our order yesterday affirming the district court's dismissal of Hall's first § 2241 petition and denying a stay of execution. *Hall v. Watson*, No. 20-3216, 2020 WL 6779345 (7th Cir. Nov. 18, 2020). This latest petition is meritless

No. 20-3229                                                                                    Page 2

for the reasons explained in Judge Hanlon's comprehensive order dated November 17, 2020. *Hall v. Watson*, No. 2:20-cv-00599-JPH-DLP (S.D. Ind. Nov. 17, 2020) (Order Denying Motion for Stay of Execution), ECF No. 18.

Briefly, Hall proposes to raise a *Batson* claim and a claim that the federal death penalty is applied in a racially disproportionate manner. Neither claim is cognizable under § 2241. Under 28 U.S.C. § 2255(e), a § 2241 petition "shall not be entertained" unless the remedy by motion under § 2255 is "inadequate or ineffective to test the legality of" the prisoner's detention. As we have explained many times, the "Savings Clause," as § 2255(e) is known, is a narrow gateway to the general habeas statute and requires a compelling showing that § 2255 remedy is *structurally* inadequate or ineffective. *Lee v. Watson*, 964 F.3d 663, 666 (7th Cir. 2020); *Purkey v. United States*, 964 F.3d 603, 617 (7th Cir. 2020). Section 2255 is not a structurally inadequate or ineffective vehicle for the claims Hall proposes to raise in his new § 2241 petition. Indeed, he litigated a *Batson* challenge, lost, and dropped further review of that claim on direct appeal and through multiple rounds of collateral litigation under § 2255. And he long ago raised and lost the systemic-bias claim in his first round of § 2255 litigation in the Northern District of Texas. Finally, neither claim satisfies the Savings Clause under the reasoning of our decision in *Webster v. Daniels*, 784 F.3d 1123 (7th Cir. 2015) (en banc). Judge Hanlon correctly denied a stay of execution.

The district court's judgment is AFFIRMED. The motion to stay execution, which Hall renewed in this court, is DENIED.