# UNITED STATES COURT OF APPEALS FOR THE SEVENTH CIRCUIT



| | |
|---|---|
| Everett McKinley Dirksen United States Courthouse<br>Room 2722 - 219 S. Dearborn Street<br>Chicago, Illinois 60604 | Office of the Clerk<br>Phone: (312) 435-5850<br>www.ca7.uscourts.gov |

## NOTICE OF ISSUANCE OF MANDATE

January 11, 2021

To:
Roger A. G. Sharpe
UNITED STATES DISTRICT COURT
Southern District of Indiana
104 U.S. Courthouse
Terre Haute , IN 47807

| | |
|---|---|
| No. 20-3229 | ORLANDO CORDIA HALL,<br> Petitioner - Appellant<br><br>v.<br><br>T. J. WATSON, Warden,<br> Respondent - Appellee |

**Originating Case Information:**

District Court No: 2:20-cv-00599-JPH-DLP
Southern District of Indiana, Terre Haute Division
District Judge James P. Hanlon

Herewith is the mandate of this court in this appeal, along with the Bill of Costs, if any. A certified copy of the opinion/order of the court and judgment, if any, and any direction as to costs shall constitute the mandate.

RECORD ON APPEAL STATUS:        No record to be returned

**NOTE TO COUNSEL:**

If any physical and large documentary exhibits have been filed in the above-entitled cause, they are

to be withdrawn ten (10) days from the date of this notice. Exhibits not withdrawn during this period will be disposed of.

Please acknowledge receipt of these documents on the enclosed copy of this notice.

- - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - -

Received above mandate and record, if any, from the Clerk, U.S. Court of Appeals for the Seventh Circuit.

**Date:**                                    **Received by:**

_____1/11/2021_____                _____Laura Townsend_____
                                         Deputy Clerk, U.S. District Court

form name: **c7_Mandate**(form ID: **135**)

# United States Court of Appeals

**For the Seventh Circuit**
**Chicago, Illinois 60604**

Submitted November 18, 2020
Decided November 19, 2020

**Before**

DIANE S. SYKES, *Chief Judge*

DAVID F. HAMILTON, *Circuit Judge*

AMY J. ST. EVE, *Circuit Judge*

| | |
|---|---|
| No. 20-3229 | Appeal from the<br>United States District Court for the |
| ORLANDO CORDIA HALL, | Southern District of Indiana, |
| *Petitioner-Appellant,* | Terre Haute Division. |
| *v.* | No. 2:20-cv-00599-JPH-DLP |
| T. J. WATSON, Warden, | James P. Hanlon, |
| *Respondent-Appellee.* | *Judge.* |

**O R D E R**

Orlando Hall's case is again before us, this time on appeal from the district court's order denying his most recent motion for a stay of execution to permit him to pursue a second petition for habeas relief under 28 U.S.C. § 2241. The new § 2241 petition was filed just seven days before his scheduled execution.

We assume familiarity with our order yesterday affirming the district court's dismissal of Hall's first § 2241 petition and denying a stay of execution. *Hall v. Watson*, No. 20-3216, 2020 WL 6779345 (7th Cir. Nov. 18, 2020). This latest petition is meritless

No. 20-3229                                                                                           Page 2

for the reasons explained in Judge Hanlon's comprehensive order dated November 17, 2020. *Hall v. Watson*, No. 2:20-cv-00599-JPH-DLP (S.D. Ind. Nov. 17, 2020) (Order Denying Motion for Stay of Execution), ECF No. 18.

Briefly, Hall proposes to raise a *Batson* claim and a claim that the federal death penalty is applied in a racially disproportionate manner. Neither claim is cognizable under § 2241. Under 28 U.S.C. § 2255(e), a § 2241 petition "shall not be entertained" unless the remedy by motion under § 2255 is "inadequate or ineffective to test the legality of" the prisoner's detention. As we have explained many times, the "Savings Clause," as § 2255(e) is known, is a narrow gateway to the general habeas statute and requires a compelling showing that § 2255 remedy is *structurally* inadequate or ineffective. *Lee v. Watson*, 964 F.3d 663, 666 (7th Cir. 2020); *Purkey v. United States*, 964 F.3d 603, 617 (7th Cir. 2020). Section 2255 is not a structurally inadequate or ineffective vehicle for the claims Hall proposes to raise in his new § 2241 petition. Indeed, he litigated a *Batson* challenge, lost, and dropped further review of that claim on direct appeal and through multiple rounds of collateral litigation under § 2255. And he long ago raised and lost the systemic-bias claim in his first round of § 2255 litigation in the Northern District of Texas. Finally, neither claim satisfies the Savings Clause under the reasoning of our decision in *Webster v. Daniels*, 784 F.3d 1123 (7th Cir. 2015) (en banc). Judge Hanlon correctly denied a stay of execution.

The district court's judgment is AFFIRMED. The motion to stay execution, which Hall renewed in this court, is DENIED.

CERTIFIED COPY
A True Copy
Teste:

Deputy Clerk
of the United States
Court of Appeals for the
Seventh Circuit